**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| GUAM HOUSING CORPORATION,<br><br>Petitioner,<br><br>vs.<br><br>GUAM CIVIL SERVICE COMMISSION,<br><br>Respondent,<br><br>vs.<br><br>JOHN E. POTTER,<br><br>Real Party in Interest. | Case No. SP 0119-13<br><br>DECISION AND ORDER ON GUAM HOUSING CORPORATION'S PETITION FOR REVIEW |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on March 24, 2014 on the Petition for Judicial Review filed by Petitioner Guam Housing Corporation (GHC). Attorney Thomas J. Fisher represents GHC, Attorney Vanessa Williams Ji represents Respondent Guam Civil Service Commission (CSC), and Attorney Daniel S. Somerfleck represents Real Party in Interest John E. Potter (Employee). For the reasons set forth below, the Court affirms the Decision and Judgment of the CSC.

## BACKGROUND

The underlying facts are not in dispute. The GHC employed Employee as a Senior Tenant Relations Advisor since 1994. On January 16, 2013, a GHC tenant filed a complaint against Employee alleging sexual harassment and misconduct. On January 16 and 17, 2013, the GHC informed Employee of these allegations and placed him on administrative leave. On January 24, 2013, the GHC issued a Notice of Proposed Adverse Action (Initial Notice) to Employee in which it asserted that a tenant reported "that, on or about September of 2010, while meeting [in a GHC] office to discuss rental issues, [Employee] hugged [the tenant] and touched

ORIGINAL

her inappropriately." The Initial Notice further stated that such conduct constituted "1) discourteous treatment to the public; 2) acts of prohibited discrimination including sexual harassment; and 3) other misconduct." On February 1, 2014, Employee, accompanied by counsel, responded to the Initial Notice at a meeting held with the GHC. On February 5, 2013, the GHC issued a Final Notice of Adverse Action (Final Notice) to Employee in which it terminated Employee on account of "1) discourteous treatment to the public; 2) acts of prohibited discrimination including sexual harassment; and 3) other misconduct."

On February 18, 2013, Employee appealed to the CSC, seeking to void his termination. On May 28, 2013, the CSC heard the matter and, on July 30, 2013, the CSC issued its Decision and Judgment (Judgment). The CSC focused its analysis on the notice requirements of 4 GCA § 4406 and on the GHC's Personnel Rules and Regulations. The CSC emphasized that providing a "generic explanation of the nature of charges against an employee with an adverse employment action is not sufficient to provide him or her with the ability to defend against the same, thus denying due process rights." The CSC concluded that "[b]ecause the Notice of Final Adverse Action fails to provide the Employee notice of the factual basis for the Final Adverse Action the [CSC] is without jurisdiction and the adverse action must be voided." The CSC accordingly entered the following unanimous Judgment in favor of Employee:

> a) That the Employee shall be immediately reinstated to his position as a Senior Tenant Relations Advisor with [GHC];
>
> b) Employee shall receive back pay for all wages withheld from Employee during the period from termination on February 06, 2013 until he is reinstated;
>
> c) Employee shall be credited with all sick leave and annual leave that he would have accrued during the period from termination on February 06, 2013 until he is reinstated[;]
>
> d) Management shall deduct Employee's retirement contribution from his back pay and then pay both Employee's and Management's contributions to the Government of Guam Retirement Fund during the period from termination on February 06, 2013 until he is reinstated[;]
>
> e) Employee shall recover his reasonable attorney's fees and costs pursuant to 4 G.C.A. § 4406.1.

On August 27, 2013, the GHC timely filed its Petition for review of the CSC's Judgment. The GHC seeks judicial review pursuant to 7 GCA § 3105 and 4 GCA § 4406 and presents the following issues: "1) Whether [Employee's] receipt of notice, and his actual notice of the circumstances leading to his termination, was sufficient; 2) Whether the [CSC] may enter orders in an appeal where it lacks jurisdiction." The GHC contends that the Court should reverse the CSC's Judgment because the CSC erred in concluding that the GHC provided Employee with insufficient notice or, in the alternative, because the CSC impermissibly reinstated Employee to his position notwithstanding the CSC's finding that it lacked jurisdiction.

On September 9, 2013, Employee filed his Answer to Petition for Judicial Review and Request for an Order to Show Cause. Citing 7 GCA § 31101, Employee first asserts that this Court lacks jurisdiction because the GHC fails "to establish subject matter jurisdiction and the factual and legal basis for judicial review[.]" Employee next argues that neither the Notice nor the Final Notice were sufficient pursuant to 4 GCA § 4406. Employee further contends that the CSC lacked jurisdiction only insofar as it could not consider the matter on the merits once it concluded that the GHC failed to provide proper notice to Employee. Employee accordingly seeks dismissal of the Petition.

On September 17, 2013, the GHC filed its Reply to an Answer to a Petition for Judicial Review and Opposition to a Request for an Order to Show Cause. The GHC argues that its proffered grounds for jurisdiction in this Court, 7 GCA § 3105 and 4 GCA § 4406, are correct and are accompanied by supporting facts. The GHC further argues that 7 GCA § 31101 is inapposite because a writ of review is not presented here.

On January 22, 2014, the Court issued its Decision and Order on Order to Show Cause, "find[ing] that enforcement of the CSC's Decision and Judgment pending review would be improper under the circumstances[,]" and noting that the Decision and Order "does not affect the final outcome of the Petition for Judicial Review."

On February 28, 2014, Employee filed his Brief in Supplement to Answer in which he reiterates arguments from his Answer.

On February 28, 2014, the CSC filed its Brief. The CSC contends that jurisdiction lies in this Court pursuant to 4 GCA § 4406 and the CSC's determination that it lacked jurisdiction "was as to the issue of whether the matter should proceed to a hearing on the merits."

Accordingly, the CSC argues that this Court affirm the CSC's conclusion that the GHC failed to provide sufficient notice to Employee. Alternatively, the CSC requests that this Court remand the case for a hearing on the merits if the Court concludes that the notice was sufficient.

On March 21, 2014 the GHC filed its Reply to Employee's Brief and the CSC's Brief, in which it addresses the parties' arguments and reiterates the substance of its Petition.

On March 24, 2014, the Court heard oral argument and took the matter under advisement.

## DISCUSSION

### I. Superior Court Jurisdiction and Standard of Review

Employee denies that this Court has jurisdiction to consider the GHC's Petition. The GHC filed its Petition for Judicial Review of the CSC's Judgment pursuant to 7 GCA § 3105 and 4 GCA § 4406. These statutes provide that the Superior Court maintains "original jurisdiction over all causes of action, and, except for those causes exclusively vested in the Supreme Court, may have appellate jurisdiction as may be provided by the Legislature[,]" 7 GCA § 3105, and that decisions of the CSC are subject to judicial review. 4 GCA § 4406. "[T]he law establishing the CSC governs appeals to the CSC from adverse actions and provides for judicial review of the CSC decisions." Carlson v. Perez, 2007 Guam 6, ¶ 60 (citing 4 GCA §§ 4105(b), 4403(b), and 4406). Similarly, "agency personnel decisions are appealed via the use of the 'Petition for Judicial Review.'" Id., ¶ 65 (citing Perez v. Judicial Council of Guam, 2002 Guam 12, ¶ 12; 7 GCA § 7117); see also DCK Pac. Guam, LLC v. Morrison, 2010 Guam 16, ¶ 15. Although Carlson and Perez concerned review sought by an aggrieved classified employee, rather than by an employer such as the GHC, this is a distinction without a difference because the instant Petition nonetheless presents an appeal of an agency personnel decision. Indeed, the Guam Supreme Court, without reference to the identity of an appellant, has characterized Carlson and Perez as cases in which the Court has "spoken on the issue of how to appeal an agency's personnel decision." See DCK, 2010 Guam 16, ¶ 15. Simply put, a Petition for Judicial Review is the appropriate vehicle by which to appeal an agency personnel decision. The GHC commenced the instant action by filing such a Petition and, therefore, properly invoked the jurisdiction of this Court.

Although the foregoing statutes and cases preserve the right of judicial review of agency personnel decisions, the Court must note that the applicable statutes are silent as to a standard of

review. Pursuant to 7 GCA § 7117, "[w]hen jurisdiction is by law conferred on a court or judicial officer, all the means necessary to carry it into effect are also given[,]" and the Court accordingly may adopt "any suitable process or mode of proceedings [. . .] which may appear most conformable to the spirit of [Title 7.]" See also Carlson, 2007 Guam 6, ¶¶ 62-65 (invoking power recognized in § 7117 to fashion appropriate procedures); Perez, 2002 Guam 12, ¶¶ 9-12 (same). The Court is persuaded by the approach adopted in DCK: the Supreme Court held that the procedures set forth in 7 GCA § 31101, et seq., governed review of a judicial function and noted that "the court is not constrained by the formal denomination of a writ in determining what procedures and remedies to actually invoke, but rather is guided by the contents of the petition and the particular relief sought." 2010 Guam 16, ¶¶ 17, 20-21.

The general procedure for obtaining a writ of review with respect to a final decision of an inferior tribunal by the Superior Court is set forth in 7 GCA § 31102. The CSC is such an inferior tribunal, per 4 GCA §§ 4403 and 4406. Moreover, the GHC questions the CSC's jurisdiction and asks this Court to reverse or void the CSC's Judgment. Pursuant to 7 GCA § 33109, the Court possesses authority to affirm, nullify, or modify the CSC's Judgment. Because the statutes and cases governing the CSC provide an unspecified form of review and because the review and relief sought by the GHC are authorized by 7 GCA 33101, et seq., the Court exercises the power granted by 7 GCA § 7117 and adopts the standard of review applicable to writs of review. The Court, accordingly, must determine whether the CSC "regularly pursued" its authority or exceeded its jurisdiction in the instant matter. 7 GCA §§ 33102, 33108.

## II.    The Judgment of the Civil Service Commission

The parties dispute the extent to which the CSC determined that it lacked jurisdiction to consider Employee's appeal. In its Judgment, the CSC concluded that "[b]ecause the Notice of Final Adverse Action fails to provide the Employee notice of the factual basis for the Final Adverse Action the [CSC] is without jurisdiction and the adverse action must be voided." The GHC reads this statement to mean that the CSC concluded that it lacked jurisdiction over the matter entirely—and thus was without jurisdiction to void the adverse action—while Employee and the CSC maintain that the CSC meant only that it lacked jurisdiction to consider the merits of the case once it properly concluded that the GHC failed to provide adequate notice to Employee. The parties acknowledge that the CSC's Judgment voiding the adverse action and reinstating Employee is valid only if the CSC had jurisdiction.

Because the parties offer competing interpretations of the CSC's Judgment, the Court must determine which interpretation is proper. Although principles of construction typically apply to the interpretation of statutes and regulations, they are likewise applicable to the interpretation of administrative decisions and orders. AT&T Commc'ns of Cal., Inc. v. Pac-W. Telecomm, Inc., 651 F.3d 980, 992, n.17 (9th Cir. 2011) (concluding that agency "intended to convey different meanings by its disparate word choice"); S. Utah Wilderness Alliance v. Office of Surface Mining Reclamation & Enforcement, 620 F.3d 1227, 1238-39 (10th Cir. 2010) (deferring to agency's interpretation of its own order and declining to give administrative orders strained and unnatural constructions); Fiero v. Fin. Indus. Regulatory Auth., Inc., 660 F.3d 569, 579 (2d Cir. 2011) (concentrating on substance of agency's order, as opposed to label applied by agency). Principles of statutory construction enunciated by the Guam Supreme Court are instructive here. First, while a statute's plain meaning prevails absent clear legislative intent to the contrary, the Court need not follow the plain language of a statute "where the result would lead to absurd or impractical consequences, untenable distinctions, or unreasonable results." Sumitomo Const., Co. v. Guam, 2001 Guam 23, ¶ 17. In addition, determining a statute's plain meaning or its animating legislative intent, the Court must read a statute in its entirety and construe it in conjunction with the "entire statutory scheme." Id.; Amerault v. Intelcom Support Servs., Inc., 2004 Guam 23, ¶ 14.

Although it must be noted that the CSC's conclusion that it was "without jurisdiction" was inartfully stated, the Court is unconvinced that the CSC made a sweeping conclusion that it lacked jurisdiction over the matter. It is plain from the Court's review of the Judgment and the underlying hearing transcripts that the CSC repeatedly emphasized the lack of notice afforded to Employee, and the record is devoid of any suggestion by the CSC that it broadly lacked jurisdiction over the matter. Indeed, the matter came before the CSC not for a hearing on the merits or on the issue of jurisdiction, but only as to the adequacy of notice. After consideration of the written and oral submissions of the GHC and Employee, the members of the CSC discussed in detail how the GHC afforded notice to Employee only in the form of legal conclusions and vague factual assertions. Further, in its Judgment, the CSC reiterated that a "generic explanation of the nature of charges against an employee with an adverse employment action is not sufficient to provide him or her with the ability to defend against the same[.]" The CSC likewise cited 4 GCA § 4406, which requires the GHC to provide a "specific statement of

the charges," as well as the Personnel Rules and Regulations, 2 GARR § 11.311(A), which requires that the notice contain "the specific facts upon which [the final adverse] action is based."

Construed in conjunction with the Judgment and the transcript, therefore, the CSC's statement with respect to jurisdiction applied only to the merits of the case, i.e., the CSC concluded that, on account the GHC's inadequate Final Notice, the adverse action would be voided and the CSC lacked jurisdiction to consider the matter any further. To conclude otherwise would be to adopt an unreasonable construction of the entirety of the record in light of one ill-crafted sentence. The Court, accordingly, concludes that the CSC did not lack jurisdiction to issue the Judgment.

As to the sufficiency of the Final Notice issued by the GHC to Employee, the CSC may "declare null and void any personnel action of an employee in the classified service if the [CSC] finds after conducting the necessary investigation that the personnel action was taken in violation of personnel laws or rules[.]" 4 GCA § 4403(d). As set forth above, the Court emphasizes the reasoning employed by the CSC in its Judgment and after considering the parties' arguments. The CSC, citing the notice requirements of 4 GCA § 4406 and 2 GARR § 11.311(A), concluded that the GHC had not provided sufficient notice to Employee. Upon review of the applicable statutes and regulations, the Court discerns no basis to disturb the Judgment. There is simply no indication that the CSC failed to "regularly pursue[]" its authority or exceeded its jurisdiction in the instant matter under 7 GCA §§ 33102 and 33108. The Court, therefore, affirms the CSC's Judgment.

## CONCLUSION

In light of the foregoing, the Court AFFIRMS the Judgment of the CSC.

**IT IS SO ORDERED** this day of July 16, 2014.

HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam